**Douglas L. EDMAN, Plaintiff–Appellant,**

v.

**ATLANTIC RICHFIELD COMPANY, Defendant–Appellee.**

No. 02–35561.

D.C. No. CV–00–00225–RFC.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Douglas L. Edman appeals pro se the summary judgment for Atlantic Richfield Company ("ARCO") in his Age Discrimination in Employment Act ("ADEA") action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the summary judgment, *E.E.O.C. v. Luce, Forward, Hamilton & Scripps,* 303 F.3d 994, 999 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment on Edman's ADEA claim

R.App. P. 34(a)(2). Accordingly, Edman's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

because Edman failed to introduce evidence sufficient to raise a genuine issue of material fact that ARCO's reason for not hiring Edman was a pretext for age discrimination. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1282 (9th Cir.2000).

The district court properly granted summary judgment on Edman's retaliation claim because Edman failed to introduce evidence sufficient to raise a genuine issue of material fact that there was a causal link between his protected activity and ARCO's adverse employment decision. *See Luce, Forward, Hamilton & Scripps,* 303 F.3d at 1004–05.

Edman's remaining contentions are unpersuasive.

AFFIRMED.